# [Not for Publication]
# United States Court of Appeals
## For the First Circuit

No. 00-1411

UNITED STATES OF AMERICA,

Appellee,

v.

DONALD G. SMITH,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Chief Judge,

Cyr, Senior Circuit Judge,

and Stahl, Circuit Judge.

George J. West for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Mary E. Rogers, Assistant United States Attorney, were on brief for appellee.

December 27, 2000

**Per Curiam.** Appellant Donald G. Smith claims that the district court abused its discretion by denying his discovery requests for information relating to possible sentencing-factor manipulation and improper investigative techniques by the government. Smith argues that the information he sought might have enabled him to demonstrate an entitlement to a downward departure. Cf. United States v. Coleman, 188 F.3d 354 (6th Cir. 1998) (en banc). As Smith failed to make the threshold showing required for the requested relief, we affirm the district court ruling.

Essentially, Smith contended that since there is nothing in his background which would have suggested that he be targeted for a federal drug investigation, he was entitled to discover whether he and certain other persons, as to whose investigations and arrests he likewise sought discovery, may have been singled out by the government, either as members of minority groups (Smith identifies himself as a black person) or simply as targets for sentencing-factor manipulation. The district court ruled that the predicate showing attempted by Smith was premised upon mere surmise and conjecture. We review for clear error. United States v. Montoya, 62 F.3d 1, 9 (1st Cir. 1995).

The claim that Smith and others may have been targeted,

3

either for selective prosecution or sentencing-factor manipulation, by reason of their race, is unsupported by anything remotely approaching the requisite "clear evidence" needed to rebut the applicable presumption that the government acted without discriminatory purpose. See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 489-90 (1999). Nor has Smith demonstrated that similarly situated persons were not prosecuted. Consequently, the rigorous threshold standard for obtaining the intrusive discovery relief here requested was never met. United States v. Magana, 127 F.3d 1, 8 (1st Cir. 1997).

**Affirmed.**